## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MYESHA M. PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:22-cv-03408** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MOBILE TELECOMMUNICATIONS,** | ) | |
| **LTD. d/b/a AT&T STORE WEST** | ) | |
| **CHICAGO,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

Plaintiff, Myesha M. Perry ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Mobile Telecommunications, LTD. d/b/a AT&T Store West Chicago ("Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sex and race based discrimination against Plaintiff in violation of Title VII and retaliation against Plaintiff in violation of Title VII. This lawsuit also arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*., ("ADA") for Defendant's discrimination on the basis of her disability and retaliation against Plaintiff in violation of the ADA. Moreover, this lawsuit also arises under (775 ILCS5/) Illinois Human Rights Act ("IHRA") for Defendant's sex, race and disability based discrimination. This action also arises out of Plaintiff's employment relationship with Defendants, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601

*et seq.* ("FMLA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.*, and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, and FMLA, 29 U.S.C. § 2601 *et seq.,* 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

3.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.     Counts III and VII have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 *et seq.,* and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

6.     A charge of employment discrimination on basis of sex, race and disability discrimination and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

7.     Notification of the Right to Sue was issued by the EEOC on or about June 10, 2022. (Attached hereto as Exhibit "B").

2

8.      This Complaint has been filed within 90 days of Plaintiff's receipt of EEOC's Dismissal and Notice of the Right to Sue.

**PARTIES**

9.      At all times material to the allegations of this Complaint, Plaintiff, Myesha M. Perry, was a resident of Will County in the State of Illinois.

10.      At all times material to the allegations in this Complaint, Defendant, Mobile Telecommunications, LTD., d/b/a AT&T Store West Chicago is a corporation doing business in DuPage, County whose address is 27w245 North Avenue, West Chicago, Illinois, 60185.

11.      Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

12.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

13.      Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

14.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

15.      At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

16.      At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

3

## BACKGROUND FACTS

17.    Plaintiff was hired by Defendant, Mobile Telecommunications, LTD., as an account manager and sales representative working remotely in January 2018.

18.    Mobile Telecommunications, LTD. also does business as AT&T Store West Chicago.

19.    Plaintiff is an African-American female.

20.    Plaintiff suffers from anxiety, which severely limits her daily activities.

21.    Since at least January 28, 2021 through December 2, 2021, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class on the basis of sex, race and disability, violating Title VII and the ADA.

22.    When Plaintiff was hired to work remotely, she was told that she could work from any location.

23.    As part of Plaintiff's job description, she had to visit various properties.

24.    At some point in 2019, Plaintiff and her coworkers were told that they had to start clocking in and out, solely for the purpose of having "paperwork on the back-end" but that it had no effect on Plaintiff's pay since she was a salaried employee that could work from anywhere.

25.    Plaintiff began being subjected to discrimination when her new manager, Tony Ciullo, started on or about January 28, 2021.

26.    Plaintiff noticed that Ciullo would give her male, non-African-American coworkers more leads than her, which caused her to lose commission pay.

27.    This made Plaintiff's anxiety worse and she complained about this to Manager Ciullo several times.

28.    The situation did not improve, causing Plaintiff's anxiety to be exacerbated to the

point that she had to take a medical leave of absence under FMLA beginning on, or about September 24, 2021.

29.     When Plaintiff returned to work on, or about October 26, 2021, her work environment became worse due to the race and sex discrimination.

30.     Plaintiff emailed Michael Schuler in Human Resources ("HR") to complain of the race and sex discrimination on November 11, 2021.

31.     Another manager even noticed that Plaintiff was not getting any leads and asked her if everything was okay.

32.     Plaintiff responded that she was not okay and explained the discrimination issues that she had been experiencing and she even sent him proof of the discrimination.

33.     Nevertheless, HR refused to acknowledge the discrimination and Plaintiff never heard back from the other manager.

34.     In retaliation, Plaintiff was fired on December 2, 2021, one week after she was informed of HR's decision.

35.     The alleged reason given for Plaintiff's termination was work performance and attendance issues.

36.     However, Plaintiff was never made aware of any such issues and she had no history of prior discipline.

37.     In fact, Plaintiff had access to the information showing that she was, in fact, conducting her property inspections, but chose to ignore it.

38.     Defendants also claimed that one of the reasons that they terminated Plaintiff's employment was allegedly for clocking in and out "all over the world", which was not true.

39.     However, even if it was true that Plaintiff clocked in and out "all over the world",

Plaintiff was never restricted to where she was allowed to work remotely from prior to her complaining of discrimination.

40.     Furthermore, this alleged issue was never brought to Plaintiff's attention prior to her termination.

41.     Plaintiff met all reasonable job expectations and was able to perform the essential functions of her job, with or without reasonable accommodation.

42.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

43.     Plaintiff is disabled as defined under the ADA and IHRA and informed her employer of her disability when she requested FMLA covered medical leave.

44.     Plaintiff engaged in statutorily protected activity and then was terminated in retaliation for engaging in such protected activity.

45.     The purported justification for termination was pretext for unlawful discrimination based on protected activity.

## COUNT I
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981**

46.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

47.     Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

48.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of

systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

49.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

50.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

51.     Plaintiff demands this count be tried by a jury.

### COUNT II
**Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.**

52.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

53.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to her race.

54.     Plaintiff met her employer's legitimate job performance expectations.

55.     Plaintiff suffered multiple adverse employment actions, including but not limited to termination.

56.     Other similarly situated employees outside of her protected class received better treatment from the employer.

57.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

58.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of Title VII of the Civil Rights Act of 1964.

59.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

60.     By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

61.     Plaintiff demands that this count be tried by a jury.

## COUNT III
### Demand for Relief for Race -Based Discrimination in Violation of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")

62.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

63.     Plaintiff is a member of a protected class under Illinois Human Rights Act due to her race.

64.     Plaintiff met her employer's legitimate job performance expectations.

65.     Plaintiff suffered multiple adverse employment actions, including but not limited to termination.

66.     Other similarly situated employees outside of her protected class received better treatment from the employer.

67.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Illinois Human Rights Act (775 ILCS5/).

68.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Illinois Human Rights Act (775 ILCS5/).

69.     As a direct and proximate result of the above-alleged willful and/or reckless acts of

Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

70. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under IHRA.

71. Plaintiff demands this count be tried by a jury.

## COUNT IV

**Demand for Relief for Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

72. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

73. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and against the Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

74. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to her sex, female.

75. Plaintiff met her employer's legitimate job performance expectations.

76. Plaintiff suffered multiple adverse employment actions, including but not limited to termination.

77. Other similarly situated employees outside of her protected class received better treatment from the employer.

78. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

79.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

80.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

81.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sex and race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*  As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

82.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex and race discrimination.

83.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct complained of by Plaintiff.

84.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race and sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

85.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to her race and sex.

86.     Plaintiff met her employer's legitimate job performance expectations.

87.     Plaintiff suffered multiple adverse employment actions for engaging in protected activity, including but not limited to termination.

88.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless

violation of Title VII.

89.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT VI
### Violations of the Americans with Disabilities Act ("ADA")

90.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

91.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

92.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

93.     Plaintiff is a member of a protected class under the ADA, due to her disability.

94.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

95.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VII
### Demand for Relief for Disability-Based Discrimination in Violation of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")

96.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

97.     Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

98.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff of the basis of him disability in violation of the IHRA.

99.     Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

100.    Defendant knew, or should have known of the unlawful discrimination and retaliation for seeking accommodations.

101.    Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination and retaliation.

102.    Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

103.    Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct, discriminatory actions and retaliation.

104.    Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

<u>**COUNT VII**</u>

**Violations of the Family Medical Leave Act ("FMLA") Retaliation**

105.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

106.     Plaintiff requested, and was approved for FMLA covered medical leave.

107.     Defendant terminated Plaintiff because she took FMLA covered leave as described above.

108.     Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for taking leave for medical reasons.

109.     Plaintiff's taking medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

110.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has been damaged.

111.     The Plaintiff demands that the count be tried by a jury.

<u>**RELIEF REQUESTED**</u>

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a.     Back pay and benefits;

   b.     Interest on back pay and benefits;

   c.     Front pay and benefits;

   d.     Compensatory damages for emotional pain and suffering;

   e.     Pre-judgment and post-judgment interest;

   f.     Injunctive relief;

   g.     Liquidated damages;

h.      Punitive damages;

i.      Reasonable attorney's fees and costs; and

j.      For any other relief this Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of June, 2022.

/s/ *Nathan C. Volheim, Esq.*
**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*